The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| JEFF MILLS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>L & L ENERGY, INC., DICKSON V. LEE, JUNG MEI (ROSEMARY) WANG, and IAN G. ROBINSON,<br><br>    Defendants. | No. C11-1423 RSL<br><br>**MOTION FOR APPOINTMENT OF MARK STITES AS LEAD PLAINTIFF AND APPOINTMENT OF LEAD COUNSEL**<br><br>NOTE ON MOTION CALENDAR:<br>Friday, November 11, 2011 |

MOT. FOR APP'T OF STITES AS LEAD PLTF
AND APP'T OF LEAD COUNSEL
No. C11-1423 RSL

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  •  Fax:  (425) 868-7870

1   Mark Stites ("Stites" or "Movant") moves this Court, pursuant to Section 21D(a)(3)(B) of
2   the Securities and Exchange Act of 1934 (the "Exchange Act"), as amended by Section 101(a)
3   the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 78u-4(a)(3)(B),
4   for an Order appointing him Lead Plaintiff on behalf of himself and all others similarly situated
5   who purchased or otherwise acquired the common stock of L & L Energy, Inc. ("L&L" or the
6   "Company") during the period August 13, 2009 through and including August 2, 2011 (the
7   "Class Period"). Movant also seeks approval of his selection of the law firm of Federman &
8   Sherwood ("F&S") as Lead Counsel and Law Offices of Clifford A. Cantor, P.C. (the "Cantor
9   firm") as Liaison Counsel.

## I.   INTRODUCTION

Stites's motion should be granted. His motion is timely as it is filed within 60 days of the first published notice of this class action litigation against Defendants. Movant believes that he is the "most adequate plaintiff" within the meaning of the PSLRA because he has the largest financial interest of any lead-plaintiff movant in the relief sought by the proposed Class, and otherwise meets the requirements of Fed. R. Civ. P. 23(a). Stites's selection of F&S as Lead Counsel and the Cantor firm as Liaison Counsel should also be approved, as each of the firms has substantial experience prosecuting securities class action litigation.

## II.   SUMMARY OF THE ALLEGATIONS AGAINST THE DEFENDANTS

On August 26, 2011, Plaintiff Jeff Mills filed a complaint [Doc. No. 1] (the "Complaint") in this action alleging that, during the Class Period, each of the Defendants filed or caused to be filed with the Securities and Exchange Commission ("SEC") materially false and misleading annual reports on Form 10-K and quarterly reports on Form 10-Q (the "False Reports"). The Complaint alleges that the False Reports failed to disclose to L&L's shareholders and the investing public that (1) the Company's sales were approximately $65 million less than disclosed in the Company's False Reports; (2) the Company's net profits were approximately $19 million less than disclosed in the False Reports; (3) L&L's assets were only 25% of the value claimed by the Company in its False Reports; and (4) the Company did not own the Luoping County Zone

MOT. FOR APP'T OF STITES AS LEAD PLTF
AND APP'T OF LEAD COUNSEL                    - 1 -
No. C11-1423 RSL

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 732-3752

1  Lin Coal Coking Factory ("Zone Lin") or the Hong Xing Coal Washing Facility ("Hong Xing")
2  as the Company claimed in the False Reports.  In fact, an April 15, 2010 Chinese regulatory
3  filing showed that Hong Xing was a sole proprietorship that was owned by Hong Xing Li, the
4  same individual whom the Company claimed had sold the factory to L&L.  An additional
5  Chinese regulatory filing on June 2, 2010 showed that Zone Lin is a sole proprietorship owned
6  by Lao Yang.

7  In addition, the False Reports did not disclose the weakness of the Company's auditors.
8  Jaspers and Hall, PC ("J&H") was the Company's auditor from February 28, 2006 through
9  October 29, 2008.  Approximately one week prior to ending its tenure as auditor for L&L, J&H's
10 registration was revoked by the Public Company Accounting Oversight Board (the "PCAOB"),
11 with its partners being barred by the PCAOB from being associated with a registered public
12 accounting firm for five (5) years.

13 On November 9, 2008, Kabani & Company ("Kabani") took over as independent auditor
14 for L&L.  A 2010 inspection of Kabani by the PCAOB found that in over 60% of audits
15 performed by the firm,

> deficiencies of such significance that it appeared to the inspection team that the
> [Kabani] Firm did not obtain sufficient competent evidential matter to support its
> opinion on the issuer's financial statements.

19 On July 29, 2011, Defendants filed with the SEC an amendment to L&L's 2010 Form 10-
20 K that detailed severe internal control deficiencies for the fiscal year 2010.  The amendment
21 stated in relevant part:

> We have identified the following material weakness that has not been identified as
> a material weakness in Management's Report, included with the Company's Form
> 10-K filed on July 28, 2010. The Company did not maintain effective controls
> over its process to ensure the timely completeness and accuracy of the preparation
> and review of its consolidated financial statements. This resulted in several
> adjustments to the Company's consolidated financial statements, principally
> including timely transfer of completed construction projects to property, plant and
> equipment, as well as reclassification of negative balances in accounts payable

MOT. FOR APP'T OF STITES AS LEAD PLTF
AND APP'T OF LEAD COUNSEL                - 2 -
No. C11-1423 RSL

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 732-3752

and accounts receivable. It was also determined that the Company's entity level controls were not adequately designed and that weaknesses were noted in the financial reporting process. These material weaknesses were considered in determining the nature, timing, and extent of audit tests applied in our audit of the 2010 financial statements, and this report does not affect our report dated July 28, 2010 on those financial statements.

In our opinion, because of the effect of the material weakness described above on the achievement of the objectives of the control criteria, L&L Energy, Inc. and its subsidiaries have not maintained effective internal control over financial reporting as of April 30, 2010, based on the criteria established in Internal Control—Integrated Framework issued by the Committee of Sponsoring Organizations of the Treadway Commission (COSO).

In response to this disclosure, the Company's stock fell from $4.96 per share to close at $4.17 per share on August 1, 2011, a drop of 16%. On August 2, 2011, a report was issued by the Glaucus Research Group (the "Glaucus Report") which revealed that (1) the Company's sales were approximately $65 million less than disclosed in the Company's False Reports; (2) the Company's net profits were approximately $19 million less than disclosed in the Company's False Reports; (3) L&L's assets were only 25% of the value claimed by the Company in its False Reports; (4) the Company did not own the Zone Lin or the Hong Xing as it claimed in the False Reports; and (5) that the Company's independent auditors had been investigated and censured by the PCAOB.

In response to the Glaucus Report, the share price of L&L stock fell $.84 per share, or 17% from August 2, 2011 through August 4, 2011. The share price of L&L has continued to plummet, falling to $2.35 as of October 21, 2011, a decline of 83% from its 52 week high of $13.56.

The Complaint alleges causes of action against the Company and the Individual Defendants[1] for violations of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated

---

[1] Defendants Dickson V. Lee, Jung Mei Wang, and Ian G. Robinson are referred to herein at times as the Individual Defendants.

MOT. FOR APP'T OF STITES AS LEAD PLTF
AND APP'T OF LEAD COUNSEL         - 3 -
No. C11-1423 RSL

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 732-3752

thereunder in addition to violations of Section 20(a) of the Exchange Act.

### III.   STITES SHOULD BE APPOINTED LEAD PLAINTIFF

**A.   The Procedure for Appointment of Lead Plaintiffs under the PSLRA**

The PSLRA sets forth the procedure governing the appointment of lead plaintiff in each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.  *See* 15 U.S.C. § 78u-4(a)(1).  Under the first step of this procedure, the plaintiff who files a putative class action under the Exchange Act must publish a notice advising members of the purported plaintiff class of the (i) pendency of the action; (ii) claims asserted therein; (iii) purported class periods; and (iv) option of any member of the purported class to move to serve as lead plaintiff of the purported class not later than 60 days after the date on which the notice is published.  *See* 15 U.S.C. §§ 78u-4(a)(3)(A).

Under the PSLRA, the Court is then required to appoint as lead plaintiff "the most adequate plaintiff," which the PSLRA defines as "the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members."  *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(i).  The PSLRA further provides:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this subchapter is the person or group of persons that:
>
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I).[2]  *See In re Cohen v. United States Dist. Court for the N. Dist. of Cal.*, 586 F.3d 703, 707 (9th Cir. 2009) ("[t]he PSLRA creates a rebuttable presumption that

---

[2]   Pursuant to the PSLRA, the

MOT. FOR APP'T OF STITES AS LEAD PLTF
AND APP'T OF LEAD COUNSEL                     - 4 -
No. C11-1423 RSL

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 732-3752

the most adequate plaintiff—whom the court must appoint as the lead plaintiff—is the person or group that meets the following three requirements: '(a) has either filed the complaint or made a motion in response to the published notice; (b) in the determination of the court, has the largest financial interest in the relief sought by the class; and (c) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure'"); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) ("the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit[; i]t must then focus its attention on *that* plaintiff").

### B.   The Notice Requirements Under the PSLRA Have Been Satisfied

The notice requirements set forth in the PSLRA have been satisfied.  On August 26, 2011, counsel for Plaintiff Mills caused a notice to be published that advised purchasers of L&L securities of (i) the pendency of this securities class action against Defendants; (ii) the claims asserted; (iii) the purported class period in that litigation; and (iv) the right of any member of the purported class to move the court to serve as lead plaintiff within the 60-day period (*i.e.*, by October 25, 2011) (the "Notice").[3]  *See Sabbagh v. Cell Terapeutics, Inc.*, 2010 WL 3064427, *3 (W.D. Wash. 2010) ("[t]he first step requires the plaintiff filing the first action, within 20 days of filing that lawsuit, to publish a notice to the proposed class informing potential class members of their right to move for appointment as Lead Plaintiff").

---

> [p]resumption [of the claimants with the largest loss being lead plaintiffs] may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff:
>
> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(II).

[3]   *See* Cantor Decl. Ex. A (copy of the Notice).

---

MOT. FOR APP'T OF STITES AS LEAD PLTF
AND APP'T OF LEAD COUNSEL - 5 -
No. C11-1423 RSL

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 732-3752

C. <u>**Stites Has the Largest Financial Interest in the Relief Sought by the Class**</u>

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the plaintiff who has the largest financial interest in the relief sought by the action.  "[T]he district court must consider the losses allegedly suffered by the various plaintiff before selecting as the 'presumptively most adequate plaintiff – and hence the presumptive lead plaintiff – the one who has the largest financial interest in the relief sought by the class'…" *In re Cavanaugh*, 306 F.3d at 729-30; *see also In re Cohen*, 586 F.3d at 707 (9th Cir. 2009) ("The PSLRA creates a rebuttable presumption that the most adequate plaintiff—whom the court must appoint as the lead plaintiff—is the person or group that meets the following three requirements: '(a) has either filed the complaint or made a motion in response to the published notice; (b) in the determination of the court, has the largest financial interest in the relief sought by the class; and (c) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'  15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).").

Stites believes that he has the "largest financial interest in the relief sought by the class" within the meaning of the PSLRA.  Section 21D(e)(2) of the PSLRA provides that a plaintiff's recoverable losses in any securities fraud class action shall be measured as:

> [T]he difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security.

15 U.S.C. §78u-4(e)(2).  If a plaintiff does not sell his securities within the 90-day period immediately following dissemination to the market of the information correcting the omissions and misstatements, its losses are measured as follows:

> [T]he difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market.

MOT. FOR APP'T OF STITES AS LEAD PLTF
AND APP'T OF LEAD COUNSEL
No. C11-1423 RSL

- 6 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813 ● Fax:  (425) 732-3752

1  15 U.S.C. §78u-4(e)(1).

2  Under the above calculation, and according to the information provided in his
3  Certification (*see* Cantor Decl. Ex. B), Stites sustained an estimated total loss of $72,767.48 on
4  the purchase of 18,500 shares of L&L common stock during the Class Period.  *See* Loss
5  Analysis, Cantor Decl. Ex. C.  Movant knows of no other persons who have sought to be lead
6  plaintiff in this action who possess a larger financial interest.

7  **D.**   **Stites Has Satisfied the Other Requirements of the PSLRA**

8  Stites has satisfied each of the other requirements of the PSLRA.  First, he has signed a
9  Certification of Named Plaintiff, under oath, which:

10   (i)    states that he reviewed the Complaint;
11   (ii)   states that he did not purchase the securities of L&L at the direction of plaintiff's
12          counsel or in order to participate in any private action arising under the federal
13          securities laws;
14   (iii)  states that he is willing to serve as a representative party on behalf of a class,
15          including providing testimony at deposition and trial, if necessary;
16   (iv)   sets forth all of his transactions in the securities of L&L during the Class Period;
17   (v)    states that he has not sought to serve, nor has he served, as a representative party
18          on behalf of a class in any private federal securities action; and
19   (vi)   states that he will not accept any payment for serving as a representative party on
20          behalf of the class beyond their pro rata share of any recovery.

21  *See* 15 U.S.C. §§ 78u-4(a).  Stites has also satisfied the PSLRA by moving for appointment as
22  lead plaintiff within 60 days after the date (August 26, 2011) on which the Notice was first
23  published.  *See id.*

24  Second, Stites satisfies the requirements of Fed. R. Civ. P. 23.  *See* 15 U.S.C. §§ 78u-
25  4(a)(3)(B)(iii)(I).  Rule 23(a) is satisfied for the purposes of this motion where (i) the claims of
26  the proposed lead plaintiff are typical of the claims of the class; and (ii) the proposed lead

27

MOT. FOR APP'T OF STITES AS LEAD PLTF
AND APP'T OF LEAD COUNSEL                     - 7 -
No. C11-1423 RSL

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 732-3752

plaintiff will fairly and adequately protect the interests of the Class. *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010).

Stites satisfies the "typicality" and "adequacy requirements under Rule 23(a). Under Rule 23(a)(3), the "typicality" requirement is satisfied where the claims of the proposed class representative arise from the same course of conduct that gives rise to the other class members' claims, where these claims are based on the same legal theory, and where the class members and proposed class representative were injured by the same conduct. *Rodriguez*, 591 F.3d at 1124 ("[t]he typicality requirement looks to whether 'the claims of the class representatives [are] typical of those of the class, and [is] "satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability"'") (citation omitted); *see also Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) ("[t]he test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct'") (citation omitted).

The "adequacy" requirement of Rule 23(a)(4) is satisfied when the proposed class representative does not have interests antagonistic to the proposed Class, and where the proposed class representative has retained experienced and capable counsel. *Ellis v. Costco Wholesale Corp.*, 07-15838, 2011 WL 4336668, *12 (9th Cir. Sep. 16, 2011) (to determine whether plaintiffs will adequately represent a class, courts must resolve whether the named plaintiffs and their counsel have conflicts of interest with the class and whether plaintiffs and their counsel will vigorously prosecute the action); *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978) ("With reference to the ability of the named plaintiffs to represent the interests of the class, two criteria for determining the adequacy of representation have been recognized. First, the named representatives must appear able to prosecute the action vigorously through qualified counsel, and second, the representatives must not have antagonistic or conflicting interests with the unnamed members of the class.").

MOT. FOR APP'T OF STITES AS LEAD PLTF
AND APP'T OF LEAD COUNSEL - 8 -
No. C11-1423 RSL

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 732-3752

In this action, Stites's claims are typical of those claims belonging to all Class members. Like all Class members, Stites has suffered damages from purchases of L&L securities during the Class Period that took place while Defendants made false and misleading representations concerning the Company in violation of the Exchange Act.  Furthermore, Stites's interests are aligned with those of the members of the Class and there is no evidence of any antagonism between Stites's interests and those of the Class.  In addition, Movant has demonstrated that he will adequately represent the interests of the Class by having obtained qualified and experienced counsel and submitting a certification to the Court indicating that he is willing to assume the responsibilities of a class representative.  Movant's counsel will vigorously seek to protect the interests of the Class.  All these factors demonstrate that Movant's claims are typical of the claims of the Class within the meaning of Rule 23(a)(3) and that he will fairly and adequately represent the interests of the Class under Rule 23(a)(4).

### IV.   THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL

The PSLRA expressly provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should approve F&S as Lead Counsel and the Cantor firm as Liaison Counsel.  Both firms have extensive experience in the area of securities class action litigation (*see* Cantor Decl. Exs. D & E).  Thus, the Court may be assured that the members of the Class will receive the highest caliber of legal representation.

### V.   CONCLUSION

For the foregoing reasons, Mark Stites respectfully requests that this Court appoint him to serve as Lead Plaintiff and approve his selection of Federman & Sherwood as Lead Counsel and Law Offices of Clifford A. Cantor, P.C. as Liaison Counsel.


Dated:  October 25, 2011			Respectfully submitted,

MOT. FOR APP'T OF STITES AS LEAD PLTF
AND APP'T OF LEAD COUNSEL  - 9 -
No. C11-1423 RSL

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 732-3752

|   |   |
|---|---|
| 1 |   |
| 2 | By: *s/ Cliff Cantor* |
|   | Cliff Cantor, WSBA # 17893 |
| 3 | LAW OFFICES OF CLIFFORD A. CANTOR, P.C. |
| 4 | 627 208th Ave. SE |
|   | Sammamish, WA  98074-7033 |
| 5 | Tel:    (425) 868-7813 |
|   | Fax:   (425) 732-3752 |
| 6 | Email: cliff.cantor@comcast.net |
| 7 |   |
|   | William B. Federman |
| 8 | FEDERMAN & SHERWOOD |
|   | 10205 N. Pennsylvania Ave. |
| 9 | Oklahoma City, OK  73120 |
| 10 | Tel:    (405) 235-1560 |
|   | Fax:   (405) 239-2112 |
| 11 | Email: wbf@federmanlaw.com |
| 12 |   |
|   | Counsel for Mark Stites, |
| 13 | Proposed Lead Plaintiff |

## Certificate of Service

I certify that I caused this motion, together with the Cantor declaration (with its exhibits) and proposed order, to be filed with the Clerk of the Court via the CM/ECF system, which will cause notification of filing to be emailed to all counsel of record.

By: *s/ Cliff Cantor*
Cliff Cantor, WSBA # 17893

MOT. FOR APP'T OF STITES AS LEAD PLTF
AND APP'T OF LEAD COUNSEL                - 10 -
No. C11-1423 RSL

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 732-3752