THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFF MILLS, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> v.<br><br>L & L ENERGY, INC., DICKSON V. LEE, JUNG MEI (ROSEMARY) WANG, and IAN G. ROBINSON<br><br>      Defendant. | No.  Case No. 2:11-cv-01423-RSL<br><br>**CLASS ACTION**<br><br>**THE L&L ENERGY INVESTOR GROUP'S MOTION FOR:**<br>**(1) APPOINTMENT AS LEAD PLAINTIFF; AND**<br>**(2) APPROVAL OF LEAD PLAINTIFFS' SELECTION OF COUNSEL**<br><br>**NOTE ON MOTION CALENDAR: NOVEMBER 11, 2011**<br><br>**ORAL ARGUMENT REQUESTED** |

THE L&L ENERGY INVESTOR GROUP'S MOTION FOR:
1) APPT AS LEAD PLAINTIFF; & 2) APPROVAL OF LEAD
PLAINTIFFS' SELECTION OF COUNSEL  - i
 2:11 cv 1423 RSL

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

## TABLE OF CONTENTS

Page

INTRODUCTION .................................................................................................................1

FACTUAL BACKGROUND ................................................................................................2

ARGUMENT .......................................................................................................................4

I.   THE L&L ENERGY INVESTOR GROUP SHOULD BE APPOINTED
     LEAD PLAINTIFF FOR THE CLASS ....................................................................4

     A.   The PSLRA's Provisions Concerning The Appointment Of A Lead Plaintiff ........4

     B.   Under The PSLRA, the L&L Energy Investor Group Should Be
          Appointed Plaintiff.........................................................................................6

          i.    The L&L Energy Investor Group Filed A Timely Motion..............................6

          ii.   The L&L Energy Investor Group Has The Largest Financial Interest
                In The Relief Sought By The Class ................................................................7

          iii.  The L&L Energy Investor Group Meets Rule 23's Typicality
                And Adequacy Requirements .........................................................................8

II.  THE COURT SHOULD APPROVE THE L&L ENERGY INVESTOR
     GROUP'S CHOICE OF COUNSEL ........................................................................10

CONCLUSION....................................................................................................................10

THE L&L ENERGY INVESTOR GROUP'S MOTION FOR:
1) APPT AS LEAD PLAINTIFF; & 2) APPROVAL OF LEAD
PLAINTIFFS' SELECTION OF COUNSEL  -ii
 2:11 cv 1423 RSL

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re Cavanaugh,*
306 F.3d 726 (9th Cir. 2002)................................................................................7, 10

*Crawford v. Onyx Software Corp.,*
No. C01-1346L, 2002 U.S. Dist. LEXIS 1101 (W.D. Wash. Jan. 10, 2002)............................8

*Greebel v. FTP Software, Inc.,*
939 F. Supp. 57 (D. Mass. 1996) ........................................................................6

*Lax v. First Merchants Acceptance Corp.,*
No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ................................6

*In re Nice Sys., Ltd. Secs. Litig.,*
188 F.R.D. 206 (D.N.J. 1999)...............................................................................6

*Schonfield v. Dendreon Corp.,*
No. C07-800MJP, 2007 U.S. Dist. LEXIS 76816 (W.D. Wash. Oct. 4, 2007) ....................8, 9

*In re Watchguard Sec. Litig.,*
No. C05-678JLR, 2005 U.S. Dist. LEXIS 40923 (W.D. Wash. July 13, 2005).......................7

STATUTES

15 U.S.C. §78u-4(a)(1) ......................................................................................5

15 U.S.C. §78u-4(a)(3)(A)(i) .............................................................................5, 6

15 U.S.C. § 78u-4(a)(3)(B) ..............................................................................1, 8

15 U.S.C. §78u-4(a)(3)(B)(i) .............................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(iii) ..........................................................................1, 5

15 U.S.C. §78u-4(a)(3)(B)(iii)(I) .......................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)......................................................................5

THE L&L ENERGY INVESTOR GROUP'S MOTION FOR:
1) APPT AS LEAD PLAINTIFF; & 2) APPROVAL OF LEAD
PLAINTIFFS' SELECTION OF COUNSEL  - iv
 2:11 cv 1423 RSL

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa)................................................................................10

15 U.S.C. § 78u-4(a)(3)(B)(v) ...................................................................................2, 10

PSLRA ........................................................................................................... *passim*

Securities Exchange Act of 1934 ...................................................................................1

**OTHER AUTHORITIES**

Rule 23 ........................................................................................1, 5, 6, 7, 8, 9

Rule 23(a) ........................................................................................................8

Rule 23(a)(3) ...................................................................................................8

Rule 23(a)(4) ...................................................................................................9

THE L&L ENERGY INVESTOR GROUP'S MOTION FOR:
1) APPT AS LEAD PLAINTIFF; & 2) APPROVAL OF LEAD
PLAINTIFFS' SELECTION OF COUNSEL  - iv
 2:11 cv 1423 RSL

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

Class members and proposed lead plaintiffs Sheng-Jiuan Chou and Henry A. Sanderson (the "L&L Energy Investor Group"), respectfully submits this motion and memorandum of law pursuant to Section 21D(b)(3)(B) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B) for the entry of an order:  (1) appointing the L&L Energy Investor Group as Lead Plaintiff for the Action and (2) approving the L&L Energy Investor Group's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel.

## **<u>INTRODUCTION</u>**

Presently pending in this district is a class action (the "Action"), brought on behalf of persons who purchased or otherwise acquired the securities of L&L Energy, Inc. ("L&L Energy" or the "Company") between August 13, 2009 and August 2, 2011, inclusive (the "Class Period"), against the Company and certain of its officers and/or directors for violations of the Securities Exchange Act of 1934 (the "1934 Act").  Various movants now seek: (1) appointment as lead plaintiff and (2) approval of their selection as lead counsel.

With respect to the appointment of a lead plaintiff to oversee the Action, Congress established a presumption in the PSLRA that requires the Court to appoint as lead plaintiff the "person or group of persons" who demonstrate the "largest financial interest in the litigation" and who otherwise satisfies Rule 23's typicality and adequacy requirements for class representatives. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

With total collective losses of $74,436.32 (LIFO) or $74,224.22 (FIFO), the L&L Energy Investor Group, to the best of counsel's knowledge, possesses the largest financial interest in the litigation of any movant.  Accordingly, the L&L Energy Investor Group is the presumptive lead plaintiff.  The L&L Energy Investor Group also satisfies Rule 23's typicality and adequacy requirements.  The L&L Energy Investor Group's claims are typical of the Class's claims because its members suffered losses in their L&L Energy investments as a result of the

THE L&L ENERGY INVESTOR GROUP'S MOTION FOR:
1) APPT AS LEAD PLAINTIFF; & 2) APPROVAL OF LEAD
PLAINTIFFS' SELECTION OF COUNSEL  - 1
 2:11 cv 1423 RSL

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

1  defendants' false and misleading statements.  Further, the L&L Energy Investor Group has no

2  conflict with the Class and will adequately protect the Class's interests given the L&L Energy

3  Investor Group's significant stake in the litigation and its conduct to date in prosecuting the

4  litigation, including its submission of the requisite certification and its selection of experienced

5  class counsel.

6        Lastly, if appointed Lead Plaintiff, the L&L Energy Investor Group is entitled to select,

7  subject to the Court's approval, lead counsel to represent the Class.  *See* 15 U.S.C. § 78u-

8  4(a)(3)(B)(v).  The L&L Energy Investor Group has engaged the Faruqi Firm as lead counsel and

9  Breskin Johnson & Townsend PLLC ("Breskin Johnson") as liaison counsel for this purpose.

10  The L&L Energy Investor Group's selection of the Faruqi Firm to serve as lead counsel and

11  Breskin Johnson as liaison counsel should be approved because they possess extensive

12  experience in the prosecution of securities class actions and will adequately represent the

13  interests of all class members.  *See* Townsend Decl. Exs. D and E.

14        For the reasons summarized above and those explained more fully below, the L&L

15  Energy Investor Group's motion should be granted in its entirety.

16  ## **FACTUAL BACKGROUND**

17        L&L Energy[1] "consists of experienced professionals who utilize their extensive

18  knowledge in U.S. accounting practices and mining safety practices, M&A techniques, and

19  bilingual skills to focus on high margin coal operations in the People's Republic of China."

20  Specifically, L&L Energy, through its subsidiaries, engages primarily in coal mining, clean coal

21  washing, coal coking, and coal wholesaling.

22        During the relevant period, defendants issued materially false and misleading statements

23

[1]     In August 2008, L&L Energy initially began trading on the NASDAQ Bulletin Board under the ticker
24  symbol "LLFH".  In December 2009, L&L Energy merged into L&L International Holdings, Inc. and L&L
    International Holdings Inc., the surviving entity after the merger, changed its name to "L&L Energy, Inc." In
25  February 2010, the Company began trading on the NASDAQ Global Market under the ticker symbol "LLEN".

26  THE L&L ENERGY INVESTOR GROUP'S MOTION FOR:
    1) APPT AS LEAD PLAINTIFF; & 2) APPROVAL OF LEAD
    PLAINTIFFS' SELECTION OF COUNSEL  - 2
     2:11 cv 1423 RSL

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

regarding the Company's financials that exaggerated the nature, size, and scope of the

Company's business.  The Company made the following misrepresentations in its Securities and

Exchange Commission ("SEC") filings:

| Report | Date Filed | Misrepresentation |
|---|---|---|
| 10-K for fiscal year ending 4/30/2009 | 8/13/2009 | Net Revenue: $40.9 mil<br>Net Income: $9.9 mil |
| 10-Q for first fiscal quarter ending 7/31/2009 | 9/14/2009 | Net Revenue: $12.7 mil<br>Net Income: $2.7 mil |
| 10-Q for second fiscal quarter ending 10/31/2009 | 12/6/2009 | Net Revenue: $24.4 mil<br>Net Income: $8.8 mil |
| 10-Q for third fiscal quarter ending 1/31/2010 | 3/17/2010 | Net Revenue: $37.9 mil<br>Net Income: $11 mil |
| 10-K for fiscal year ending 4/30/2010 | 7/28/2010 | Net Revenue: $109 mil<br>Net Income: $32.9 mil |

The 2010 10-K also listed only a single internal control deficiency relating to

documentation of operations associated with four material acquisitions made during the previous

12-month period.

On July 29, 2011, L&L Energy issued an amendment to the Company's 2010 10-K that

listed additional internal control deficiencies for 2010 that resulted in "several adjustments to the

Company's consolidated financial statements . . . as well as reclassification of negative balances

in accounts payable and accounts receivable."  The amendment forced the Company into: (1)

reclassifying $3,729,784 recorded as "Intangible assets, net" in the Original 10-K to "Property,

plant, equipment, and mine development, net"; (2) reclassifying $557,202 recorded as "Current

Assets – Prepaid and other current assets" in the Original 10-K to "Equity – Deferred stock

compensation"; and (3) conforming changes to "Working Capital," "Total assets" and "Total

THE L&L ENERGY INVESTOR GROUP'S MOTION FOR:
1) APPT AS LEAD PLAINTIFF; & 2) APPROVAL OF LEAD
PLAINTIFFS' SELECTION OF COUNSEL  - 3
 2:11 cv 1423 RSL

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

Shareholders."[2]  This adverse news caused L&L Energy's stock price to fall $0.79 per share, or 15.9%, on August 1, 2011.

On August 2, 2011, Glaucus Research Group, an independent financial research firm, published a report (the "Glaucus Report") alleging that revenue and net income claimed by the Company's SEC filings for the fiscal year ending in 2009 were inaccurate.  Specifically, the Glaucus Report alleged that L&L Energy's 2009 regulatory filings in China reported lower sales ($65 million lower) and net profits ($19 million lower), as compared to the Company's 2009 SEC filings.  The Glaucus Report also provided that: (1) L&L Energy's assets were 25% of the value listed in the Company's SEC filings; (2) L&L Energy's net sales were four times smaller than what L&L Energy listed in its SEC filings; (3) L&L Energy's ownership of two factories was suspect because the Company's regulatory filings in China indicated that the real estate was owned by a sole proprietor; (4) L&L Energy's former auditor had its license revoked by the Public Company Accounting Oversight Board one week after resigning as the Company's auditor; and (5) L&L Energy's present auditor also had a checkered history.  As a result of the adverse information, L&L Energy's stock fell an additional $0.84 per share or 17.3% from August 2, 2011 through August 4, 2011.

## ARGUMENT

## I.  THE L&L ENERGY INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

### A.  The PSLRA's Provisions Concerning The Appointment Of A Lead Plaintiff

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in

---

[2]      The Company's independent auditor, Kabani & Company, also opined that "because of the effect of the material weakness described, . . . L&L Energy, Inc. and its subsidiaries have not maintained effective internal control over financial reporting as of April 30, 2010, based on the criteria established in Internal Control—Integrated Framework issued by the Committee of Sponsoring Organizations of the Treadway Commission ("COSO")."

THE L&L ENERGY INVESTOR GROUP'S MOTION FOR:
1) APPT AS LEAD PLAINTIFF; & 2) APPROVAL OF LEAD
PLAINTIFFS' SELECTION OF COUNSEL  - 4
 2:11 cv 1423 RSL

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

1   "each private action arising under the [1934 Act] that is brought as a plaintiff class action pursuant to

2   the Federal Rules of Civil Procedure."   15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).  It provides that

3   within 20 days of the filing of the action, plaintiffs are required to publish a notice in a widely

4   circulated business-oriented publication or wire service, informing class members of their right

5   to move the Court, within 60 days of the publication, for appointment as lead plaintiff.  15

6   U.S.C. §78u-4(a)(3)(A)(i).

7         The PSLRA further provides that, within 90 days after publication of the notice, the Court

8   shall consider any motion made by a class member and shall appoint as lead plaintiff the member or

9   members of the class that the Court determines to be "most capable of adequately representing

10  the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).  In determining the "most

11  adequate plaintiff," the PSLRA provides that:

12        [T]he court shall adopt a presumption that the most adequate plaintiff in any private

13        action arising under this [Act] is the person or group of persons that –

14              (aa) has either filed the complaint or made a motion in response to a

15        notice . . .;

16              (bb) in the determination of the court, has the largest financial interest in the

17        relief sought by the class; and

18              (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of

19        Civil Procedure.

20  15 U.S.C. §78u-4(a)(3)(B)(iii).

21        Once it is determined who among the movants seeking appointment as lead plaintiff is

22  the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class

23  member that the presumptive lead plaintiff:  "(aa) will not fairly and adequately protect the

24  interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of

25  adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

26  THE L&L ENERGY INVESTOR GROUP'S MOTION FOR:
    1) APPT AS LEAD PLAINTIFF; & 2) APPROVAL OF LEAD
    PLAINTIFFS' SELECTION OF COUNSEL  - 5
    2:11 cv 1423 RSL

**B.  Under The PSLRA, the L&L Energy
Investor Group Should Be Appointed Plaintiff**

As discussed below, the L&L Energy Investor Group should be appointed Lead Plaintiff because all of the PSLRA's procedural hurdles have been satisfied, the L&L Energy Investor Group holds the largest financial interest of any movant, and the L&L Energy Investor Group thereby satisfies Rule 23's typicality and adequacy requirements.

**i.  The L&L Energy Investor Group Filed A Timely Motion**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the first plaintiff to file a complaint in the Action was required to publish notice of the complaint within twenty (20) days of its filing. Counsel for Jeff Mills published notice of the lead plaintiff deadline via *Business Wire* on August 26, 2011.[3]  *See* Townsend Decl., Ex. A.[4]  Consequently, any member of the proposed Class was required to seek to be appointed lead plaintiff within 60 days after publication of the notice (*i.e.*, on or before October 25, 2011).  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  Thus, the L&L Energy Investor Group's motion was timely filed.  Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, the L&L Energy Investor Group timely signed and submitted certifications with its motion, identifying all of its relevant L&L Energy trades during the Class Period, and detailing the L&L Energy Investor Group's suitability to serve as Lead Plaintiff in this case.  *See* Townsend Decl., Ex. B.  The PSLRA's procedural requirements have therefore been met.

---

[3]    Publication by *Business Wire* is an adequate means for meeting the statutory requirement that notice be published "in a widely circulated business-oriented publication or wire service."  *See In re Nice Sys., Ltd. Secs. Litig.*, 188 F.R.D. 206, 215 (D.N.J. 1999); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchants Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

[4]    All references to Exhibits are references to the exhibits annexed to the Declaration of Roger M. Townsend, dated October 25, 2011, filed in support hereof

THE L&L ENERGY INVESTOR GROUP'S MOTION FOR:
1) APPT AS LEAD PLAINTIFF; & 2) APPROVAL OF LEAD
PLAINTIFFS' SELECTION OF COUNSEL  - 6
 2:11 cv 1423 RSL

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

**ii.    The L&L Energy Investor Group Has The Largest
Financial Interest In The Relief Sought By The Class**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate

plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief

sought by the class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to the methodology courts are to use in determining

which movant has the largest financial interest in the relief sought, courts in this Circuit often

look to four factors in the inquiry:  "(1) the number of shares that the movant purchased during

the putative class period; (2) the total net funds expended by the plaintiffs during the class

period; and (3) the approximate losses suffered by the plaintiffs."  *E.g., In re Watchguard Sec.*

*Litig.*, No. C05-678JLR, 2005 U.S. Dist. LEXIS 40923, at *7-8 (W.D. Wash. July 13, 2005)

(quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001)).

During the Class Period, as evidenced by, among other things, the accompanying signed

certifications, see Townsend Decl., Ex. B, the L&L Energy Investor Group collectively

purchased 14,199 shares of L&L Energy in reliance upon the materially false and misleading

statements issued by the defendants and was injured thereby.  *Id*.  As a result, the L&L Energy

Investor Group collectively incurred approximately $74,436.32 (LIFO) or $74,224.22 (FIFO) in

losses in his transactions in L&L Energy common stock.  *See* Townsend Exs. C and D.  The

L&L Energy Investor Group thus has a significant financial interest in this case, and to the best

of its knowledge, possesses the largest financial interest of any class member who otherwise

satisfies the requirements of Rule 23.   15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see In re Cavanaugh*, 306

F.3d 726, 730 (9th Cir. 2002) (providing that a movant is not the presumptively most adequate

plaintiff unless it both possesses the largest financial interest and satisfies Rule 23's

typicality and adequacy requirements).   Therefore, the L&L Energy Investor Group satisfies all

THE L&L ENERGY INVESTOR GROUP'S MOTION FOR:
1) APPT AS LEAD PLAINTIFF; & 2) APPROVAL OF LEAD
PLAINTIFFS' SELECTION OF COUNSEL - 7
 2:11 cv 1423 RSL

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

1  of the PSLRA's prerequisites for appointment as lead plaintiff and should be appointed lead

2  plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

3          iii.     **The L&L Energy Investor Group Meets**
                    **Rule 23's Typicality And Adequacy Requirements**
4

5          In addition to possessing the largest financial interest in the outcome of the litigation,

6  the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules

7  of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B).  Rule 23 provides that a party may serve as a

8  class representative only if the following four requirements are satisfied:  (1) the class is so

9  numerous that joinder of all members is impracticable; (2) there are questions of law or fact common

10 to the class; (3) the claims or defenses of the representative parties are typical of the claims or

11 defenses of the class; and (4) the representative parties will fairly and adequately protect the interests

12 of the class.  *See* Fed. R. Civ. P. 23(a).

13         Of the four prerequisites to class certification, only two – typicality and adequacy – directly

14 address the personal characteristics of the class representative.  Consequently, in deciding a motion

15 to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of

16 Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for

17 class certification.  *See Crawford v. Onyx Software Corp.*, No. C01-1346L, 2002 U.S. Dist.

18 LEXIS 1101, at *5 (W.D. Wash. Jan. 10, 2002).

19         Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of

20 those of the class.   The typicality requirement is satisfied when the "applicant's claims arise from

21 the same event or course of conduct which gave rise to the claims of the class members, and are

22 founded on the same legal theory."  *Schonfield v. Dendreon Corp.*, No. C07-800MJP, 2007 U.S.

23 Dist. LEXIS 76816, at *10 (W.D. Wash. Oct. 4, 2007).  Typicality does not require that there

24 should not be any factual differences between the class representatives and the class members

25 rather, it is the generalized nature of the claims asserted which determines whether the class

26 THE L&L ENERGY INVESTOR GROUP'S MOTION FOR:
   1) APPT AS LEAD PLAINTIFF; & 2) APPROVAL OF LEAD
   PLAINTIFFS' SELECTION OF COUNSEL  - 8
    2:11 cv 1423 RSL

1   representatives are typical.

2       The L&L Energy Investor Group satisfies this requirement because, just like all other

3   class members, it:  (1) purchased L&L Energy common stock during the Class Period; (2)

4   purchased L&L Energy common stock in reliance upon the allegedly materially false and

5   misleading statements issued by defendants; and (3) suffered damages thereby.  Thus, the L&L

6   Energy Investor Group's claim is typical of those of other class members since its claim and the

7   claims of other class members arise out of the same course of events.

8       Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the

9   interests of the class."  "[I]t must be demonstrated that:  (1) the proposed lead plaintiff's interests

10  are in common with, and not antagonistic to, those of the class; and (2) proposed lead plaintiff's

11  counsel are qualified, experienced and generally able to conduct the litigation."  *Schonfield*, 2007

12  U.S. Dist. LEXIS 76816, at *11.

13      Here, the L&L Energy Investor Group is an adequate representative of the class.  As

14  evidenced by the injuries suffered by the L&L Energy Investor Group, who purchased L&L

15  Energy common stock at prices allegedly artificially inflated by defendants' materially false

16  and misleading statements, the L&L Energy Investor Group's interests are clearly aligned with

17  the members of the class, and there is no evidence of any antagonism between the L&L Energy

18  Investor Group's interest and those of the other members of the class.   Further, the L&L Energy

19  Investor Group has retained competent and experienced counsel to prosecute these claims.  As

20  shown below, the L&L Energy Investor Group's proposed counsel are highly qualified,

21  experienced and able to conduct this complex litigation in a professional manner.   Thus, the

22  L&L Energy Investor Group *prima facie* satisfies the typicality and adequacy requirements of

23  Rule 23 for the purposes of this Motion.

24      *//*

25

26  THE L&L ENERGY INVESTOR GROUP'S MOTION FOR:
1) APPT AS LEAD PLAINTIFF; & 2) APPROVAL OF LEAD
PLAINTIFFS' SELECTION OF COUNSEL  - 9
 2:11 cv 1423 RSL

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

## II.  THE COURT SHOULD APPROVE THE L&L ENERGY INVESTOR GROUP'S CHOICE OF COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The court should not disturb lead plaintiff's choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see Cavanaugh*, 306 F.3d at 733 n.11 ("the district court must approve the lead plaintiff's choice of counsel, but Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class").  Here, the L&L Energy Investor Group has selected the Faruqi Firm as lead counsel for the Class and Breskin Johnson as liaison counsel.

As reflected in the firm's resume, the Faruqi Firm possesses extensive experience litigating complex class actions on behalf of plaintiffs, including securities class actions.  *See* Townsend Decl., Ex. D.  Additionally, Breskin Johnson has significant experience litigating complex class actions within this district.  Townsend Decl., Ex. E.  Thus, the Court may be assured that in the event this Motion is granted, the members of the Class will receive the highest caliber of legal representation.  *Id.*, Exs. D-E.  Accordingly, the Court should approve the L&L Energy Investor Group's selection of counsel.

## CONCLUSION

For the foregoing reasons, the L&L Energy Investor Group respectfully requests that the Court:  (1) appoint the L&L Energy Investor Group as Lead Plaintiff for the Action; (2) approve the L&L Energy Investor Group's selection of the Faruqi Firm as Lead Counsel; and (3) grant such other relief as the Court may deem just and proper.

DATED:  October 25, 2011

Respectfully submitted,
By:*/s/ Roger M. Townsend*
Roger M. Townsend, WSBA # 25525
**BRESKIN JOHNSON & TOWNSEND, PLLC**
1111 Third Avenue, Suite 2230
Seattle, WA 98101

THE L&L ENERGY INVESTOR GROUP'S MOTION FOR:
1) APPT AS LEAD PLAINTIFF; & 2) APPROVAL OF LEAD
PLAINTIFFS' SELECTION OF COUNSEL  - 10
 2:11 cv 1423 RSL

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Tel: (206) 652-8660
Fax: (206) 652-8290
Rtownsend@bjtlegal.com

Antonio Vozzolo
Richard W. Gonnello
**FARUQI & FARUQI, LLP**
369 Lexington Avenue, 10th Floor
New York, New York 10017
Tel: 212-983-9330
Fax: 212-983-9331
avozzolo@faruqilaw.com
rgonnello@faruqilaw.com

*Attorneys for the L&L Energy Investor Group*

THE L&L ENERGY INVESTOR GROUP'S MOTION FOR:
1) APPT AS LEAD PLAINTIFF; & 2) APPROVAL OF LEAD
PLAINTIFFS' SELECTION OF COUNSEL  - 11
 2:11 cv 1423 RSL

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

1

2

## CERTIFICATE OF SERVICE

3          I hereby certify that on October 25, 2011, I electronically filed the foregoing with the

4  Clerk of the Court using the CM/ECF system which will send notification of such filing to all

5  attorneys therein registered.

6

7          I certify under penalty of perjury under the laws of the United States of America that the

   foregoing is true and correct.  Executed on October 25, 2011.

8

9                                          By:/s/ Miriam C. Simmel_____
                                           Legal Assistant to Roger M. Townsend

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  THE L&L ENERGY INVESTOR GROUP'S MOTION FOR:          BRESKIN | JOHNSON | TOWNSEND PLLC
    1) APPT AS LEAD PLAINTIFF; & 2) APPROVAL OF LEAD      1111 Third Avenue, Suite 2230
    PLAINTIFFS' SELECTION OF COUNSEL  - 12               Seattle, Washington 98101  Tel: 206-652-8660
     2:11 cv 1423 RSL