1

HONORABLE ROBERT S. LASNIK

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

10

11  | JEFF MILLS, individually and on behalf
of all others similarly situated,

No. 11-cv-1423-RSL

12

Plaintiff,

**MOTION OF ALEKSANDAR
KRSTEVSKI FOR APPOINTMENT OF
LEAD PLAINTIFF AND APPROVAL
OF SELECTION OF LEAD COUNSEL;
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT
THEREOF**

13

14

vs.

15  | L & L ENERGY, INC., DICKSON V. LEE,
JUNG MEI (ROSEMARY) WANG, and
IAN G. ROBINSON,

16

Note on Motion Calendar:   Nov. 18, 2011

17

Defendants.

Oral Argument Requested

18

19

20

21

22

23

24

25

26

27

28

MOTION OF ALEKSANDAR KRSTEVSKI FOR APPOINTMENT
OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF
LEAD COUNSEL; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
No. 11-cv-1423-RSL

LAW OFFICE OF WILLIAM R. SPURR
1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154
Telephone:  (206) 682-2692
Facsimile:  (206) 682-2587

Under § 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), Aleksandar Krstevski, a shareholder of L & L Energy, Inc. ("LLEN") and a member of the putative class in this action, moves this Court for an order:

(1)     Appointing Krstevski as Lead Plaintiff;

(2)     Approving Krstevski's selection of Chapin Fitzgerald Sullivan & Bottini LLP as Lead Counsel; and

(3)     Granting such other and further relief as the Court deems just and proper.

Krstevski makes this motion based on the grounds that (1) he has suffered a recoverable loss of approximately $810.18 in connection with his purchases of 8,449 shares of LLEN stock between August 13, 2009 and August 2, 2011; and (2) he satisfies the requirements of Federal Rule of Civil Procedure 23 because his claims are typical of the claims of other class members and because he will fairly and adequately represent the interests of the class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This motion is based upon the following Memorandum of Points and Authorities, the accompanying Declaration of Albert Y. Chang and exhibits, all other papers and proceedings in this action, and such other written or oral argument the Court may consider in deciding this motion.  A proposed order regarding the Lead Plaintiff and Lead Counsel appointments is attached to this motion.

MOTION OF ALEKSANDAR KRSTEVSKI FOR APPOINTMENT
OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF
LEAD COUNSEL; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
No. 11-cv-1423-RSL

LAW OFFICE OF WILLIAM R. SPURR
1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154
Telephone:  (206) 682-2692
Facsimile:  (206) 682-2587

- 1 -

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.       INTRODUCTION

This is a securities fraud class action brought on behalf of persons who purchased LLEN stock between August 13, 2009 and August 2, 2011 (the "Class Period").  Aleksandar Krstevski, who suffered a loss as a result of his purchase of 8,449 shares of LLEN common stock during the Class Period, moves to (1) appoint him as Lead Plaintiff; and (2) approve his selection of counsel, Chapin Fitzgerald Sullivan & Bottini LLP, as Lead Counsel.

The Court should apply the three-step process under § 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and appoint Krstevski as Lead Plaintiff because:

- • Krstevski has timely made a motion for lead plaintiff appointment;
- • he is the presumptive lead plaintiff since he has lost approximately $810.18 as a result of the misrepresentations and omissions alleged in this action and, to the best of his knowledge, he has the largest financial interest in the relief sought by the class; and
- • he meets the typicality and adequacy of representation requirements under Federal Rule of Civil Procedure 23.

*See* 15 U.S.C. § 78u-4(a)(3).

Furthermore, the Court should approve Krstevski's selection of the law firm of Chapin Fitzgerald Sullivan & Bottini LLP as Lead Counsel because the firm specializes in securities litigation, has a demonstrated record of success in litigating securities class actions, and is thus well qualified to represent the class of LLEN shareholders.

Accordingly, the Court should grant Krstevski's motion in its entirety.[1]

---

[1] The motion does not seek consolidation of related actions because this is the only securities class action pending in this District arising from LLEN's false and misleading statements made during the Class Period.  In the event that similar actions are filed in or transferred to this District, the Court should consolidate these actions under Federal Rule of Civil Procedure 42(a) and 15 U.S.C. § 78u-4(a)(3)(B)(ii).  *Investors Research Co. v. U.S. Dist. Ct.*, 877 F.2d 777, 777 (9th Cir. 1989) (the "district court has broad discretion . . . to consolidate cases").

MOTION OF ALEKSANDAR KRSTEVSKI FOR APPOINTMENT
OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF
LEAD COUNSEL; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
No. 11-cv-1423-RSL

LAW OFFICE OF WILLIAM R. SPURR
1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154
Telephone:  (206) 682-2692
Facsimile:  (206) 682-2587

## II.     STATEMENT OF FACTS

According to the complaint dated August 26, 2011, LLEN is a Seattle-based company that engages in coal mining, clean coal washing, coal cooking, and coal wholesaling businesses in the People's Republic of China ("PRC").  Compl. ¶ 8.  During the Class Period, LLEN officers issued false and misleading statements about LLEN's business, operations, and management.  *Id.* ¶¶ 17-23.  For example, in its Form 10-K filed with the Securities and Exchange Commission ("SEC") on July 28, 2010, LLEN reported $109 million in net revenue and $32.9 million in net income.  *Id.* ¶ 22.  LLEN also reported only a single internal control deficiency during the reporting year.  *Id.* ¶ 23.  As a result of LLEN's false and misleading public disclosures, LLEN common stock traded at artificially inflated prices.  *See id.* ¶¶ 25, 32.

The truth of LLEN's financial condition began to emerge on July 29, 2011, when LLEN filed an amendment to its 2010 Form 10-K, listing additional internal control deficiencies.  *Id.* ¶ 24.  Because of these deficiencies, LLEN admitted that there was a "reasonable possibility that a material misstatement of [its] annual or interim financial statements [would] not be prevented or detected on a timely basis."  *Id.*  On August 2, 2011, the public also learned that significant discrepancies existed between the revenue and profit figures LLEN reported to the PRC authorities and those LLEN reported to the SEC.  *Id.* ¶ 26.  Other irregularities relating to LLEN's management structure and auditing process also emerged.  *Id.* ¶¶ 28-31.  On this news, LLEN stock price declined rapidly.  *See id.* ¶ 32.

This action followed, alleging violations of Sections 10(b) and 20(a) of the Exchange Act.  On August 26, 2011, a notice of the pendency of this action was published on Business Wire.  *See* Declaration of Albert Y. Chang ("Chang Decl.") Ex. A.

Within 60 days after the publication of this notice, Krstevski moves for lead plaintiff appointment on October 25, 2011.

MOTION OF ALEKSANDAR KRSTEVSKI FOR APPOINTMENT
OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF
LEAD COUNSEL; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
No. 11-cv-1423-RSL

LAW OFFICE OF WILLIAM R. SPURR
1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154
Telephone:  (206) 682-2692
Facsimile:  (206) 682-2587

- 3 -

1    III.    **ARGUMENT**

2         A.      **The Court Should Appoint Krstevski As Lead Plaintiff Because He Is The "Most Adequate Plaintiff"**

3

4    The PSLRA provides a rebuttable presumption that the most adequate plaintiff in

     any securities fraud class action is the person that:

5

6    •       has either filed the complaint or made a motion in response to a notice;

7    •       in the determination of the court, has the largest financial interest in the relief sought by the class; and

8    •       otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

9

10   15 U.S.C. § 78u-4(a)(3)(B)(iii).  Here, Krstevski meets each of these three requirements.

11        1.      **Krstevski's Motion Is Timely**

12   Because the Business Wire notice regarding the pendency of this action was

13   published on August 26, 2011, the 60-day period in which class members may move to be

     appointed lead plaintiff under 15 U.S.C. § 78u-4(a)(3)(A)(II) expires on October 25, 2011.

14   *See* Chang Decl. Ex. A at 1.  Thus, Krstevski's motion is timely.  In addition, Krstevski has

15   retained competent counsel to represent him and the class.  *See* Chang Decl. Ex. D.

16   Krstevski thus satisfies the timeliness requirement of 15 U.S.C. § 78u-4(a)(3)(B).

17        2.      **Krstevski Is the Presumptive Lead Plaintiff**

18   The PSLRA requires the Court to appoint a "lead plaintiff" in securities class actions.

19   15 U.S.C. § 78u-4(a)(3)(B)(i).  The "lead plaintiff" is "the member or members of the

20   purported plaintiff class that the [C]ourt determines to be most capable of adequately

21   representing the interests of class members."  *Id.*  To identify the presumptive "most

22   adequate plaintiff," the Court must first determine which member or group of members of

23   the class has the largest alleged loss.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see In re*

24   *Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

25   ///

26

27

28   MOTION OF ALEKSANDAR KRSTEVSKI FOR APPOINTMENT            LAW OFFICE OF WILLIAM R. SPURR
     OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF            1001 Fourth Avenue, Suite 3600
     LEAD COUNSEL; MEMORANDUM OF POINTS AND                          Seattle, Washington 98154
     AUTHORITIES IN SUPPORT THEREOF                           Telephone:  (206) 682-2692
     No. 11-cv-1423-RSL                                       Facsimile:  (206) 682-2587

                                        - 4 -

1        As demonstrated in Krstevski's certification, he purchased 8,449 shares of LLEN

2 common stock during the Class Period, and retained 999 shares after the end of the Class

3 Period.  *See* Chang Decl. Ex. B at 2.  As a result of these purchases, Krstevski suffered

4 approximately $810.18 in damages.  Chang Decl. Ex. C.  To the best of his knowledge,

5 Krstevski does not know of another LLEN shareholder who is seeking lead plaintiff

6 appointment and who has suffered a higher amount of damages.  Thus, Krstevski is

7 qualified to become the presumptive most adequate plaintiff.  *See Cavanaugh*, 306 F.3d at

8 730; *see also Armbruster v. Cellcyte Genetics Corp.*, No. 08-cv-0047-RSL, 2008 U.S. Dist.

9 LEXIS 96288, at *6 (W.D. Wash. Apr. 28, 2008) (Lasnik, J.) (finding the persons with the

10 largest loss as the presumptive lead plaintiffs).

11           **3.**       **Krstevski Satisfies the Requirements of Rule 23**

12        The PSLRA requires that lead plaintiffs, in addition to having the largest financial

13 interest, must "satisf[y] the requirements of Rule 23 of the Federal Rules of Civil

14 Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) requires that:  (1) the class

15 be so numerous that joinder of all members is impracticable; (2) there be questions of law

16 or fact common to the class; (3) such claims be typical of those of the class; and (4) the

17 representatives fairly and adequately protect the interests of the class.  FED. R. CIV. P.

18 23(a).  In deciding a lead plaintiff motion, courts limit their inquiry to the typicality and

19 adequacy prongs of Rule 23(a).  *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D. Cal.

20 2005) (citing *In re Cendant Corp.  Litig.*, 264 F.3d 201, 263 (3d Cir. 2001)).

21 ///

22 ///

23 ///

24 ///

25

26

27

28
MOTION OF ALEKSANDAR KRSTEVSKI FOR APPOINTMENT      LAW OFFICE OF WILLIAM R. SPURR
OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF      1001 Fourth Avenue, Suite 3600
LEAD COUNSEL; MEMORANDUM OF POINTS AND      Seattle, Washington 98154
AUTHORITIES IN SUPPORT THEREOF      Telephone:  (206) 682-2692
No. 11-cv-1423-RSL      Facsimile:  (206) 682-2587
- 5 -

### (a)   Typicality

The typicality requirement of Rule 23(a)(3) is satisfied when: (1) the class representatives have suffered the same injuries as the absent class members; (2) as a result of the same course of conduct; and (3) their claims are based on the same legal issues. *See Armbruster*, 2008 U.S. Dist. LEXIS 96288, at *7 (finding typicality); *see also In re McDermott Int'l, Inc. Sec. Litig.*, No. 08 Civ. 9943 (DC), 2009 U.S. Dist. LEXIS 21539, at *6 (S.D.N.Y. Mar. 6, 2009) (requiring only a "preliminary showing" of typicality and adequacy of representation). This does not require that the representative claims be substantially identical to absent class members' claims; it only requires that the claims are reasonably co-extensive with those of absent class members. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Thus, courts have repeatedly held that typicality is satisfied in securities class actions when the class representative, like all other class members, suffered damages as a result of purchasing the subject stock during the relevant time period at prices that were artificially inflated by defendants' alleged false and misleading statements. *See, e.g.*, *Armbruster*, 2008 U.S. Dist. LEXIS 96288, at *7.

Krstevski's claims are typical of those of other class members. He purchased LLEN stock during the Class Period at prices that were artificially inflated as a result of the misrepresentations and omissions alleged in this action. Like other class members, Krstevski suffered damages from his purchases of LLEN stock. These shared claims satisfy Rule 23(a)(3)'s typicality requirement because they are based on the same legal theory and arise from the same events and course of conduct as the class claims.

### (b)   Adequacy

The adequacy of representation requirement of Rule 23(a)(4) is satisfied when counsel for the class is competent, the representative's interests are not antagonistic to those of the absent class members, and it is unlikely that the action is collusive. Here, Krstevski is an adequate representative of the class for two reasons. First, Krstevski's

MOTION OF ALEKSANDAR KRSTEVSKI FOR APPOINTMENT
OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF
LEAD COUNSEL; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
No. 11-cv-1423-RSL

LAW OFFICE OF WILLIAM R. SPURR
1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154
Telephone: (206) 682-2692
Facsimile: (206) 682-2587

- 6 -

1   interests are clearly aligned with the interests of the members of the class because, like

2   other class members, he paid artificially inflated prices for LLEN stock due to defendants'

3   materially false and misleading statements.  There is no antagonism between Krstevski's

4   interests and those of the putative class.  *Armbruster*, 2008 U.S. Dist. LEXIS 96288, at *7.

5   Second, Krstevski has taken significant steps that demonstrate his willingness and ability

6   to protect the interests of the class:  (1) he has executed a sworn certification detailing his

7   Class Period transactions; (2) he has timely moved this Court for appointment as lead

8   plaintiff; and (3) he has retained competent and experienced counsel to prosecute these

9   claims.  *See id.*  As discussed below, Krstevski's proposed counsel is highly qualified,

10  experienced, and able to conduct this complex litigation in a professional manner.  *See*

11  Chang Decl. Ex. D.  Thus, Krstevski satisfies the typicality and adequacy requirements of

12  Rule 23 for the purposes of this motion.

13        **B.        The Court Should Approve Krstevski's Choice of Counsel**

14        The PSLRA provides that the lead plaintiff shall, subject to court approval, select

15  and retain lead counsel.  15 U.S.C. § 78u-4(a)(3)(B)(v).  A court should not disturb the lead

16  plaintiff's choice of counsel unless necessary to "protect the interests of the class."  15

17  U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Krstevski has selected the law firm of Chapin

18  Fitzgerald Sullivan & Bottini LLP as Lead Counsel.  The attorneys at Chapin Fitzgerald

19  have substantial experience in prosecuting securities class actions.  *See* Chang Decl. Ex. D.

20  Indeed, Mr. Bottini, one of the firm's partners, has been involved in a number of securities

21  class actions in this District, including *In re Cell Therapeutics, Inc.*, No. 10-cv-0414-MJP

22  (W.D. Wash.).  Mr. Bottini is currently serving as lead counsel for the class in a multi-

23  billion-dollar action involving a feeder fund to Bernard L. Madoff's Ponzi scheme*, In re*

24  *Herald, Primeo, and Thema Funds Securities Litigation*, No. 09 Civ. 0289 (RMB)

25  (S.D.N.Y.).  Accordingly, the Court should approve Krstevski's selection of Chapin

26  Fitzgerald as lead counsel for the class.

27

1  **IV.    CONCLUSION**

2       For the reasons set forth above, the Court should appoint Aleksandar Krstevski as

3  Lead Plaintiff and Chapin Fitzgerald Sullivan & Bottini LLP as Lead Counsel.

4  Dated:  October 25, 2011                  Respectfully submitted,

5                                            LAW OFFICE OF WILLIAM R. SPURR

6                                                  s/ William R. Spurr
                                            William R. Spurr

7                                            1001 Fourth Avenue, Suite 3600
8                                            Seattle, Washington 98154
                                            Telephone:  (206) 682-2692
9                                            Facsimile:  (206) 682-2587

10                                           *Counsel for Aleksandar Krstevski*
                                            CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP
11                                           Francis A. Bottini, Jr.
                                            Albert Y. Chang
12                                           550 West C Street, Suite 2000
                                            San Diego, California 92101
13                                           Telephone:  (619) 241-4810
                                            Facsimile:  (619) 955-5318

14                                           *Proposed Lead Counsel for Aleksandar*
15                                           *Krstevski and the Class*

16

17

18

19

20

21

22

23

24

25

26

27

28  MOTION OF ALEKSANDAR KRSTEVSKI FOR APPOINTMENT          LAW OFFICE OF WILLIAM R. SPURR
    OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF          1001 Fourth Avenue, Suite 3600
    LEAD COUNSEL; MEMORANDUM OF POINTS AND                  Seattle, Washington 98154
    AUTHORITIES IN SUPPORT THEREOF                          Telephone:  (206) 682-2692
    No. 11-cv-1423-RSL                                      Facsimile:  (206) 682-2587