| | |
|---|---|
| **THE ROSEN LAW FIRM, P.A.**<br>Phillip Kim, Esq. (*pro hac vice*)<br>Laurence M. Rosen, Esq. (*pro hac vice*)<br>275 Madison Avenue, 34th Floor<br>New York, New York 10016<br>Telephone: (212) 686-1060<br>Facsimile: (212) 202-3827<br>Email: pkim@rosenlegal.com<br>Email: lrosen@rosenlegal.com<br><br>[Proposed] Lead Counsel for Plaintiff | **SMITH & LOWNEY, PLLC**<br>Richard A. Smith, WSBA #21788<br>Knoll Lowney, WSBA #23457<br>2317 E. John St.<br>Seattle, WA 98112<br>Telephone: (206) 860-2883<br>Facsimile: (206) 860-4187<br>Email: rasmithwa@igc.org<br>Email: knoll@igc.org<br><br>[Proposed] Liaison Counsel for Plaintiff |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFF MILLS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>L & L ENERGY, INC., DICKSON V. LEE, JUNG MEI (ROSEMARY) WANG, AND IAN G. ROBINSON,<br><br>Defendants. | No. 2:11-cv-1423-RSL<br><br>**MOTION OF GREGG IRVIN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>**NOTE ON MOTION CALENDAR: November 11, 2011**<br><br>ORAL ARGUMENT REQUESTED |

Movant Gregg Irvin ("Movant") Gregg Irvin, will, and does move this Court for an order granting the Motion for appointment of Movant as Lead Plaintiff of the Class and for approval of Movant's selection of The Rosen Law Firm, P.A. and Smith and Lowney, PLLC as as Lead Counsel and Liaison Counsel for Plaintiff and the Class, respectively.

This Motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), on the grounds that (1) Movant should

Mot. of Gregg Irvin for Appt. as Lead Plaintiff
and Approval of Selection of Counsel –
No. 2:11-CV-1423-RSL- 1

The Rosen Law Firm, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827

be appointed Lead Plaintiff for the class of securities purchasers of L & L Energy, Inc. ("L&L" or the "Company") during the period between August 13, 2009 and August 2, 2011, inclusive (the "Class Period") as the Movant has timely made this Motion, has the largest financial interest and otherwise satisfies the pertinent requirements of Federal Rule of Civil Procedure 23; and (2) that Movant's selection of the Rosen Law Firm, P.A. ("Rosen Firm") as Lead Counsel and Smith & Lowney, PLLC ("SL Firm") as Liaison Counsel should be approved as both firms are well qualified and has extensive experience in cases of this type.

In support of this Motion, Movant files herewith a memorandum of points and authorities, the Declaration of Phillip Kim, and a proposed order.

## MEMORANDUM OF POINTS AND AUTHORITIES

Dr. Irvin respectfully submits this memorandum in support of the motion for an Order, pursuant to Section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(3)(B):

(1) appointing Movant as Lead Plaintiff for all persons other than defendants who purchased the securities of L&L during the Class Period, to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(2) appointing the Rosen Firm as Lead Counsel for Plaintiff and the Class and the SL Firm, as Liaison Counsel for Plaintiff the Class.

I.   **BACKGROUND**

On August 26, 2011, the Rosen and SL Firms commenced this action against Defendants under Sections 10(b) and 20(a) of the Exchange Act. That same day, the Rosen Firm issued a PSLRA early notice advising potential class members of, among other things, the claims alleged in this case and the 60 day deadline for class members to move this Court to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Phillip Kim filed herewith ("Kim Decl." or "Kim Declaration").

The complaint alleges that L&L, a Nevada Corporation with principal executive offices in Seattle, Washington, and certain of its corporate officers violated the Exchange Act in connection with the Company's issuance of materially false and misleading statements about

Mot. of Gregg Irvin for Appt. as Lead Plaintiff
and Approval of Selection of Counsel –
No. 2:11-CV-1423-RSL- 2

The Rosen Law Firm, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827

the Company's financial and business condition. Namely, the complaint alleges that (1) L&L's 2009 financial statements filed by L&L's main subsidiaries with Chinese regulators showed a much smaller company than L&L had represented in is periodic reports filed with the SEC; and (2) certain of L&L's operating subsidiaries were not in the name of the Company.

Following this disclosure to the market, L&L's stock price fell over $.84/share or 17.3% from the close of August 2, 2011 through August 4, 2011, and has continued to fall precipitously since then. As a result, Plaintiff and the Class have been damaged.

## ARGUMENT

### II.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  15 U.S.C. § 78u-4(a)(3)(B).  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

Mot. of Gregg Irvin for Appt. as Lead Plaintiff
and Approval of Selection of Counsel –
No. 2:11-CV-1423-RSL- 3

The Rosen Law Firm, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827

### A. Movant Is Willing to Serve as Class Representative

Dr. Irvin has made a timely motion in response to a PSLRA early notice. *See* Kim Decl., Ex. 1. Additionally, as set forth in his PSLRA certification, Dr. Irvin has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Kim Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group … that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", the movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344 at *4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Dr. Irvin lost a total of $442,231.47, in connection with his purchases of L&L securities.[1] *See* Kim Decl., Ex. 3 (Movant's Loss Chart).

Movant is not aware of any other movant that has suffered greater losses in L&L securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C.  The Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

    (1)  the class is so numerous that joinder of all members is impracticable,

---

[1] Movant uses the price of $3.11/share for held shares, representing the average closing price of L&L stock between the end of the Class Period and October 24, 2011.

Mot. of Gregg Irvin for Appt. as Lead Plaintiff
and Approval of Selection of Counsel –
No. 2:11-CV-1423-RSL- 4

The Rosen Law Firm, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827

    (2) there are questions of law or fact common to the class,

    (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

    (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

  In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31.  At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730)).

  Movant fulfills all of the pertinent requirements of Rule 23.  Movant shares substantially similar questions of law and fact with the members of the class, and the Movant's claims are typical of the members of the class.  Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about L&L and its business.  Movant, as did all of the members of the class, purchased L&L securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby.  These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

  Thus, the close alignment of interests between Movant and other class members, as Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint the Movant as Lead Plaintiff.

  **D.** **The Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

Mot. of Gregg Irvin for Appt. as Lead Plaintiff
and Approval of Selection of Counsel –
No. 2:11-CV-1423-RSL- 5

The Rosen Law Firm, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax:  (212) 202-3827

The presumption in favor of appointing Dr. Irvin as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed in Section C, above. Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

### III.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected the Rosen Firm as Lead Counsel and the SL firm as Liaison Counsel. Both firms filed this action, and the Rosen Firm has been actively researching the Class's and Movant's claims – reviewing publicly available financial reports and other documents and gathering information in support of the claims against the Defendants. Furthermore, both firms are experienced in complex civil litigation.  The Rosen Firm is experienced in the area of securities litigation class actions, having been appointed as lead counsel in securities class actions in courts throughout the nation.  The Rosen Firm has prosecuted securities fraud class actions and other complex litigation and has obtained substantial recoveries on behalf of investors.  The resumes of the Rosen and SL Firms are attached as Exhibits 4 and 5 to the Kim Declaration.

As a result of the firms' experience, Movant's counsel has the skill and knowledge that will enable the firms to prosecute this action effectively and expeditiously.  Thus, the Court may

Mot. of Gregg Irvin for Appt. as Lead Plaintiff
and Approval of Selection of Counsel –
No. 2:11-CV-1423-RSL- 6

The Rosen Law Firm, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax:  (212) 202-3827

be assured that by approving Dr. Irvin's selection of Counsel, the members of the class will receive the best legal representation available.

### IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Gregg Irvin as Lead Plaintiff of the class; (2) approving The Rosen Law Firm, P.A. as Lead Counsel and Smith & Lowney, PLLC as Liaison Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated:   October 25, 2011            Respectfully submitted,

THE ROSEN LAW FIRM, P.A.

 /s/Phillip Kim
Phillip Kim, Esq. (*pro hac vice*)
Laurence M. Rosen, Esq. (*pro hac vice*)
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiff and Class

SMITH & LOWNEY, PLLC
Richard A. Smith, WSBA #21788
Knoll Lowney, WSBA #23457
2317 E. John St.
Seattle, WA 98112
Telephone: (206) 860-2883
Facsimile: (206) 860-4187
Email: rasmithwa@igc.org
Email: knoll@igc.org

[Proposed] Liaison Counsel for Plaintiff and Class

Mot. of Gregg Irvin for Appt. as Lead Plaintiff
and Approval of Selection of Counsel –
No. 2:11-CV-1423-RSL- 7

The Rosen Law Firm, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827

# CERTIFICATE OF SERVICE

I, Phillip Kim, hereby declare under penalty of perjury as follows:

I am and attorney with the Rosen Law Firm, P.A., with offices at 275 Madison Avenue, 34th Floor, New York, New York 10016.  I am over the age of eighteen.

On October 25, 2011, I electronically filed the following **MOTION OF GREGG IRVIN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on October 25, 2011

        /s/ Phillip Kim

        Phillip Kim

Mot. of Gregg Irvin for Appt. as Lead Plaintiff and Approval of Selection of Counsel – No. 2:11-CV-1423-RSL- 8

The Rosen Law Firm, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827